# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LA TONYA PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:14-CV-1255-CDP |
| | ) |
| UNKNOWN KAISER, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of La Tonya Patterson for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion [Doc. #6], the Court finds that plaintiff is financially unable to pay the filing fee, and therefore, the motion will be granted. Moreover, for the reasons set forth below, the Court will dismiss this action, without prejudice.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking ten million dollars in monetary damages, as well as the "removal of [her] children from St. Charles Children's Division back into [her] full custody." In addition, plaintiff summarily asserts pendent state-law claims for "fraud and false fraud and false statements," and she asks this Court to "reverse the error and decision of the St. Charles Juvenile Court further allowing [her] full contact with [her] children." The named defendants are St. Charles Sheriff's Department employees Unknown Kaiser, A. Tiefenbrunn, Joseph Fry, and Unknown Hudson; "St. Charles Children's Division (Jane/John Doe)"; St. Charles Children's Division employees Daniele Corley, Deitra Logsdon, Kim Selby, Kelly Buehrer, Jennifer Fahs, Laura Case, and Lori/Lauren

Harris; the Missouri Department of Social Services and its employee, Shawn Holliman; the Center Pointe Hospital and its employees, Charity Ghitalla, Adam Hilligardt, Christopher Reynolds, and Elizabeth Anne Wells; and the "St. Charles DCYFS, CDP, DSS."

Plaintiff alleges that on February 18, 2014, her "children IMMP and VCMP were taken into custody by a St. Charles Deputy without following procedures." Plaintiff further alleges that Center Pointe Hospital "committ[ed] [her] and [her] son IMMP w/o medical reason" and that she was restrained and injected "with two tranquilizer[s]." Plaintiff states that she was discharged "on or about the 21st of February 2013,"[1] and her children "were placed wrongly into DCYFS custody based on perjured and moot statements." In addition, plaintiff states that when she attempted to file a complaint with the St. Charles Sheriff's Department, she was "antagonize[d] and threaten[ed]" with incarceration by defendant Tiefenbrunn. Plaintiff summarily claims that on July 11, 2014, and "in retaliation," defendant Tiefenbrunn "harshly state[d] that [she] wanted [her] son taken into custody."

## Discussion

Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v.*

---
[1] It is unclear to the Court if the alleged events occurred in 2014 or 2013, because plaintiff's allegations confusingly reference both years.

3

*First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id.* Thus, to the extent that plaintiff is seeking review and dismissal of the earlier St. Charles Juvenile Court decision, this Court lacks jurisdiction to entertain plaintiff's claims.

To the extent that plaintiff is attempting to assert § 1983 claims against the employees of the St. Charles Sheriff's Department, and any of the other named state-actor defendants, the claims will be dismissed. Plaintiff is suing defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including only official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is

legally frivolous and fails to state a claim upon which relief can be granted as to the named state-actor defendants.

As additional grounds for dismissing this action, the Court finds that the "domestic relations exception" precludes the exercise of federal jurisdiction. *Cf. Kahn v. Kahn*, 21 F.3d 859 (8th Cir. 1994). Pursuant to this exception, federal courts are divested of jurisdiction over any action in which the subject is divorce, the allowance of alimony, or child custody. *See id*. at 861. In addition, when a cause of action closely relates to, but does not precisely fit into the contours of an action for divorce, alimony, or child custody, federal courts generally will abstain from exercising jurisdiction. *Id.* Although plaintiff's child custody claims are drafted to sound in § 1983, they are either directly related to or are so interwoven with the state child custody proceedings that subject matter jurisdiction does not lie with this Court. Plaintiff has given no indication that her claims cannot receive a full and fair determination in state court, and it would appear that the state courts, where the custody proceedings allegedly were held, would be better equipped to handle the issues that have arisen relative to plaintiff's custody of her two minor children.

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before

5

trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because this Court lacks jurisdiction over the subject matter of some of plaintiff's claims, and the remainder of her claims are legally frivolous and fail to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions for "an advance court hearing" [Docs. #4 and #7] are **DENIED as moot**.

A separate Order of Dismissal will be filed with this Memorandum and Order.

Dated this 22nd day of September, 2014.

_____
**UNITED STATES DISTRICT JUDGE**